IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANDREA MELTON,

                Plaintiff,                Case No. 3:11 oe 40009

  -vs-

                                           MEMORANDUM OPINION

ORTHO-MCNEIL PHARMACEUTICAL, INC.,
Et al.,

                Defendant.

KATZ, J.

## I. Introduction

Plaintiff Andrea Melton, an Illinois resident, brought this action against Defendants Ortho-McNeil Pharmaceutical, Inc., Alza Corporation, Johnson & Johnson Pharmaceutical Research & Development, LLC, and Johnson & Johnson (collectively "Defendants"). Ms. Melton alleges she had been prescribed the Ortho Evra® birth control patch which caused her to have a pulmonary embolism. (Doc. No. 1).

Prior to this action, the Court granted Defendants' motion for summary judgment on Ms. Melton's strict liability failure to warn claim and product liability negligence claims. *Melton v. Ortho-McNeil Pharm. Inc*., No. 3:11oe40009, 2014 U.S. Dist. LEXIS 78917 (N.D. Ohio June 10, 2014).

Defendants now move for summary judgment on Plaintiffs' claims of breach of express and implied warranties and fraud. (Doc. No. 25). Ms. Melton filed a response (Doc. No. 27) and Defendants replied (Doc. No. 28). On September 23, 2014, the Court heard oral argument on the pending motion for summary judgment in this case and several other cases concerning the Ortho

Evra® birth control patch. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## II. Facts

As previously set forth in the Court's prior memorandum opinion, Plaintiff was prescribed the Ortho Evra® birth control patch by William P. Long, D.O., who is board certified in obstetrics and gynecology. The record reflects that at the time Dr. Long prescribed the patch to Plaintiff, he was informed of Ortho Evra®'s risks and was familiar with Ortho Evra®'s package insert, including the detailed patient labeling, which specifically warned of the increased risk of a pulmonary embolism. Dr. Long was also familiar with the Dear Healthcare Professional Letter from Ortho's Women's Health and Urology, which includes information regarding the risks of Ortho Evra®. Further, Dr. Long testified he prescribed Ortho Evra® for Plaintiff because he believed its benefits outweighed its risks.

In her amended fact sheet, Ms. Melton indicated she "saw [Ortho Evra®] ads, but never read them." (Doc. No. 25-4 at 20). Ms. Melton also testified she had never heard of Ortho Evra® prior to Dr. Long prescribing it to her. Ms. Melton had no communication with Defendants or their representatives before she was prescribed the Ortho Evra® birth control patch.

## III. Summary Judgment

Summary judgment is proper where "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting a genuine issue of material fact must support the argument either by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

2

evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The Court views the facts in the record and reasonable inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The Court does not weigh the evidence or determines the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

The party requesting summary judgment bears an initial burden of demonstrating that no genuine issue of material fact exists, which the party must discharge by producing evidence to demonstrate the absence of a genuine issue of material fact or "by showing . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25 (1986) (internal quotation marks omitted). If the moving party satisfies this burden, the nonmoving party "may not rest upon its . . . pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren,* 578 F.3d 351, 374 (6th Cir. 2009) (citing Rule 56 and *Matsushita,* 475 U.S. at 586). The party opposing the summary judgment motion must present sufficient probative evidence supporting its claim that disputes over material facts remain; evidence that is "merely colorable" or "not significantly probative" is insufficient. *Anderson,* 477 U.S. at 248–52.

**IV. Discussion**

At the outset, Ms. Melton argues the Court already decided Defendants were not entitled to summary judgment on Plaintiffs' claims of breach of express and implied warranties and fraud. However, Defendants previous motions on these counts, which were the subject of the Court's prior memorandum opinion, was for judgment on the pleadings, not for summary judgment. *Melton*, 2014 U.S. Dist. LEXIS 78917. A ruling on a motion brought pursuant to Federal Rule of

Civil Procedure 12(c) does not preclude a later summary judgment motion brought pursuant to Rule 56(a). *Averhart v. Ortho-McNeil Pharm., Inc.*, et al., No. 3:09-oe-40028, at *4 (N.D. Ohio August 6, 2014). Therefore, the Court may consider summary judgment on Ms. Melton's claims of breach of express and implied warranties and fraud.

**A. Breach of Express and Implied Warranties**

Under Illinois law, to state a claim for breach of express warranty, a plaintiff must show: (1) an affirmation of fact or promise made to the plaintiff; (2) relating to the goods; (3) which becomes part of the basis of the bargain; (4) guaranteeing that the goods will conform to the affirmation or promise. 810 Ill. Comp. Stat. 5/2-313(1)(a); *Pressalite Corp. v. Matsushita Elec. Corp of Am.*, No. 02 C 7086, 2003 U.S. Dist. LEXIS 5600, at *2 (N.D. Ill Apr. 4, 2003).

To succeed on a claim of breach of implied warranty of merchantability, a plaintiff must show: (1) the sale of goods; (2) by a merchant of those goods; and (3) the goods were not of merchantable quality. 810 Ill. Comp. State 5/2-314(1); *Brandt v. Boston Sci. Corp.*, 792 N.E.2d 296, 299 (Ill. 2006). For breach of implied warranty of fitness for a particular purpose, a plaintiff must prove: "(1) a sale of goods; (2) before the sale the seller had reason to know (a) a particular purpose for which plaintiff brought the goods, and (b) that she was relying on the seller's skill to select goods suitable for that purpose; and (3) the goods were not suitable for that particular purpose." *Rubin v. Marshall Field & Co.*, 597 N.E.2d 688, 691 (Ill. App. Ct. 1992).

"Essential to the formation of a warranty is the buyer's reliance on the representations of the seller." *Hrosik v. J. Keim Builders*, 345 N.E.2d 514, 515 (Ill. Ct. App. 1972).

Ms. Melton argues the fact that she "saw an [Ortho Evra® advertisement], but did not read it," constitutes an express warranty. However, the Court cannot interpret seeing an advertisement

4

but not reading it as an affirmation of fact or promise, and the absence of case law cited by Ms. Melton supports as much. Moreover, even if the advertisement had contained an affirmation of fact or promise, it is of no consequence to the instant claims as Ms. Melton admits she did not read the advertisement, and therefore could not have relied on any statement therein. This lack of reliance is further bolstered by Ms. Melton's testimony that she had never heard of Ortho Evra® until it was recommended by her physician. Ms. Melton's claims for breach of implied warranties fail for the same reasons; namely, because she has failed to show reliance on any representation made by Defendants. Accordingly, Ms. Melton claims for breach of express and implied warranties fail as a matter of law.

**B. Fraudulent Misrepresentation, Fraudulent Concealment, Negligent Misrepresentation, and Fraud and Deceit**

In Illinois, fraud based claims of fraudulent misrepresentation, fraudulent concealment, and fraud and deceit require a plaintiff to show: "(1) [a] false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance on the statement; and (5) plaintiff's damages resulting from reliance on the statement." *Miller v. William Chevrolet/Geo*, 762 N.E.2d 1, 7 (Ill. App. Ct. 2001). A negligent misrepresentation claim requires, among other elements, a false statement of material fact and reliance. *Capiccioni v. Brennan Naperville, Inc*., 791 N.E.2d 553, 562 (Ill. App. Ct. 2003).

Ms. Melton admits she had no communication with Defendants before the Ortho Evra® birth control was recommended by her physician. Again, that fact that Ms. Melton "saw an [Ortho Evra® advertisement], but never read it," is not relevant to her fraud claims as Ms. Melton admits

5

she did not read the advertisement, and therefore could not have relied on any statement made therein.

## V. Conclusion

Accordingly, the Defendants' motion for summary judgment (Doc. 25) is granted and Plaintiff's claims are dismissed.

IT IS SO ORDERED.

                                                                  s/ *David A. Katz*
                                                                  DAVID A. KATZ
                                                                  U.S. DISTRICT JUDGE